## LYONS et al. v. SMITH.

(Supreme Court, Appellate Division, First Department. December 30, 1898.)

1. INSURANCE—ADJUSTERS — NEGLIGENCE — INCLUDING VOID POLICY IN APPORTIONING LOSS.

   Adjusters employed by the insured are not liable for negligence in including in the policies that should contribute to the loss one which had become void because the transfer of the property insured had not been noted thereon, where such persons were not employed to determine the validity of the policies delivered to them, and they were not notified that the policy was void, and particularly as each policy provided that the loss should be apportioned among all the policies, whether valid or not.

2. SAME—NOMINAL DAMAGES.

   In the absence of evidence that the insurer refused to pay such policy, the insured would not be entitled to more than nominal damages, even if the adjusters were liable.

3. SAME—HARMLESS ERROR.

   Error in excluding evidence which, if admitted, would not have entitled the party to more than nominal damages on his counterclaim, is not ground for reversal.

Appeal from trial term, New York county.

Action by Alexander Lyons and others against Charles Smith to recover for personal services rendered. From a judgment rendered upon the verdict of a jury, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Victor J. Dowling, for appellant.

Louis J. Vorhaus, for respondents.

INGRAHAM, J. The action was brought to recover for services rendered to the defendant under a written contract by which the plaintiffs were engaged to adjust the defendant's loss and damage by a fire, and the defendant agreed to pay to the plaintiffs for the services rendered 5 per cent. of the amount of the claims, when adjusted. The defendant interposed a counterclaim to recover for the damages sustained by him in consequence of the alleged carelessness, negligence, and unskillfulness of the plaintiffs, by which it is alleged the defendant sustained damage to an amount exceeding the plaintiffs' claim. The negligence or unskillfulness with which the plaintiffs were charged consisted in their including in the policies that should contribute to the loss one which it is claimed had become void because the transfer of the property insured had not been noted upon the policy. To prove this counterclaim the defendant was called as a witness, and testified that among the policies included by the plaintiffs in the adjustment was one known as the "City Lloyds Policy"; that there was a change of ownership of the property destroyed on February 4th, before the fire; and that indorsements of this transfer of interest were never made on the policy in question. The adjustment made by the plaintiffs apportioned the loss among several companies, the amount due under this City Lloyds policy being $1,364.34. The City Lloyds policy was introduced in evidence. It provided that the company should be notified of any change of ownership or occupancy, or increase of hazard,

which should come to the knowledge of the assured, and that such changes should be noted on the policy; otherwise the policy should be null and void.     There was no indorsement of a transfer of interest of the property insured noted upon the policy, and the defendant insists that it was negligence on the part of the plaintiffs to include this amount in their adjustment, as they should have taken notice of the fact that, in the absence of any indorsement upon the City Lloyds policy of the transfer of interest to the defendant, that policy was void; it appearing that upon other policies there had been such a transfer of interest noted.     It does not appear, however, that the plaintiffs were employed or asked to determine the validity of the several policies which were delivered to them; nor was their attention called to the fact that this policy had been rendered void by acts of the insured prior to the fire.     The policy, by its terms, was in force at the time of the fire, and was delivered to the plaintiffs, with the other policies, to enable them to make the adjustment.     But, assuming that the plaintiffs were chargeable with knowledge of the fact that this policy was void, they were still, we think, bound to include it in the amount of insurance. Each of the policies covering the property contained the clause "that the underwriters should not be liable for a greater portion of any loss on the described property than the amount thereby insured shall bear to the whole insurance, whether valid or not, or by solvent or insolvent insurers covering such property."     This policy of the City Lloyds had become void in consequence of the failure of the defendant to have the transfer noted on the policy, and under this provision of the policies, the adjusters were bound to include this policy in their adjustment.

But, even assuming that the plaintiffs were liable for the damages sustained by the defendant in consequence of any neglect, there was no proof that the defendant had sustained any such damage, as there was no evidence that the insurers under the City Lloyds policy had refused to pay the policy.     It thus appears that, even assuming that the plaintiffs were negligent, the defendant was not entitled to recover upon his counterclaim more than nominal damages; and, consequently, if the evidence sought to be introduced by the defendant showed that it was the custom of the adjusters to examine the policies, and exclude those that had become void, the defendant was not entitled to recover substantial damages upon the counterclaim, and the rejection of that evidence did not injure the defendant.     The judgment should be affirmed, with costs.     All concur.